IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) 1. BANK OF THE WEST, ) ) Defendant. ) | Case No.: <br><br> **JURY TRIAL DEMAND** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Deborah Epperson, the Charging Party, who was adversely affected by such practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Bank of the West (the "Defendant"), has continuously been doing business in the State of Oklahoma and the City of Oklahoma City, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Deborah Epperson timely filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2009, Defendant has engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1), in that:

   (a). On or about August 6, 2009, Epperson, a woman, applied for a Branch Manager position at Bank of the West's Quail Creek Branch location in Oklahoma City, Oklahoma. Epperson was highly qualified for the Branch Manager position for which she applied. The position had been vacant since approximately June 20, 2009.

   (b). Epperson was interviewed twice. First by Mike Lowrimore, Regional Manager for Defendant, and second by Daniel Garcia, Area Branch Manager for Defendant. During both interviews, Epperson advised that, if offered the position, she required two weeks prior to her start date in order to secure childcare. In both instances, Epperson was told her request was acceptable.

(c).  Both of the managers who interviewed Epperson believed that she was the most highly qualified of all the applicants for the position.

(d).  On August 24, 2009, Garcia contacted Brian Emery, Human Resource ("HR") Manager, and instructed him to contact Epperson and offer her the position at a non-negotiated salary of $ 50,000. Epperson requested a higher salary of $55,000, and Defendant offered her $53,000. Epperson accepted the counter-offer. In accepting Defendant's offer, Epperson reiterated her need for two (2) weeks to obtain childcare. Emery did not believe Epperson's request for two weeks was a problem.

(e).  Shortly thereafter, Epperson received a written memorialization of the job offer, dated August 31, 2009, for the position of Branch Manager at a salary of $53,000, with a stated start date of September 14, 2009.

(f).  On September 2, 2009, Epperson was contacted by Garcia and told that she would either start work immediately or her job offer would be rescinded. Epperson advised Garcia that, as previously represented, she could not start immediately due to

4

her childcare needs. Garcia advised that such failure to begin immediately was "unacceptable" and, as threatened, withdrew the job offer.

(g).  Immediately thereafter, on or about September 3, 2009, Garcia instructed Emery to offer a less qualified male applicant the same Quail Creek Branch Manager position at a higher non-negotiated salary of $55,000.00. The less qualified male accepted the offer, but requested two weeks to obtain and secure childcare prior to starting work, which Defendant allowed.

(h).  Consistently, the less qualified male received a written memorialization of the job offer, dated September 8, 2009, for the position of Branch Manager at a salary of $55,000, with a stated start date of September 21, 2009.

8.  The effect of the practices complained of in paragraphs 7 (a) through (h) has been to deprive Ms. Epperson of equal employment opportunities and otherwise adversely affect her employment status on the basis of her sex (female).

9.  The unlawful employment practices complained of in paragraph 7 (a) through (h) above were intentional.

10. The unlawful employment practices complained of in paragraph 7 (a) through (h) above were done with malice or with reckless indifference to the federally protected rights of Ms. Epperson, thus entitling her to an award of punitive damages.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, to eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make Ms. Epperson whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Ms. Epperson whole by providing compensation for past, present, and future pecuniary and non-pecuniary injuries resulting from the unlawful practices complained of at paragraph 7(a) through (h), above, including

emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

E.  If appropriate, order Defendant to reinstate Ms. Epperson, or compensate her with an appropriate amount as front pay, along with applicable interest.

F.  Order Defendant to pay Ms. Epperson punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Barbara A. Seely
BARBARA A. SEELY
Regional Attorney, EEOC
St. Louis District Office

/s/ C. Felix Miller
C. FELIX MILLER
Supervisory Trial Attorney, EEOC
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO   63103
(314) 539-7800 (telephone)

PATRICK J. HOLMAN,
OBA No.: 21216
Trial Attorney, EEOC -
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (phone);
(405) 231-5816 (fax)
patrick.holman@eeoc.gov

**ATTORNEY FOR PLAINTIFF**